IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:07CR20 |
| vs. | |
| TROY THOMPSON, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's Motion for the Appointment of Counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. (Filing No. 81). Defendant requests the Court appoint counsel "for the limited purpose of the recent ruling in the United States Supreme Court decision in *Hamid Rehaif v United States*, 139 S. Ct. 2191 (2019)." Section 3006A authorizes the court to appoint representation for a financially eligible person who is seeking relief under 28 U.S.C. § 2255, if the court determines "the interests of justice so require[.]" 18 U.S.C. § 3006A. Defendant has not yet filed a motion under 28 U.S.C. § 2255, but presumably seeks to do so on the basis that the holding in *Rehaif* applies to his case.

On June 4, 2008, while represented by counsel, Defendant pleaded guilty to the charge of being a felon in possession of a firearm with three prior felony convictions, in violation of 18 U.S.C. §§ 922(g) and 924(e), and on August 27, 2008, was sentenced to a term of imprisonment of 180 months and supervised release for five years. (Filing Nos. 50-51, 59-60). On October 9, 2009, Defendant's appeal was dismissed by the Eighth Circuit pursuant to his appeal waiver in his plea agreement. (Filing Nos. 78-80). Besides this motion to appoint counsel, no further proceedings have taken place in this case.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000)(quoting *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). Generally, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. See *id*. Upon review of Defendant's request and the record in this case, the Court finds that the interests of justice do not require appointment of counsel. Accordingly,

**IT IS ORDERED** that Defendant's Motion for the Appointment of Counsel (Filing No. 81) is denied.

Dated this 23rd day of December, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge